[Cite as *State v. Crabtree*, 2026-Ohio-2575.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 26CA1246 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| CHAD CRABTREE, | : | **RELEASED 7/01/2026** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Ariana Bowles Norris, Adams County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

Hess, J.

{¶1} Chad Crabtree appeals the trial court's judgment revoking his community control and imposing a prison term. Crabtree concedes that he violated community control but contends that the trial court abused its discretion by revoking community control and imposing a prison term because he was struggling with substance abuse issues and many of his other violations were "minor technical violations." He also contends that the trial court did not consider the seriousness of his underlying offense. He argues the better option would have been for the trial court to have continued his community control.

{¶2} The State argues that the trial court did not abuse its discretion because after Crabtree was placed on community control, he violated it multiple times with a weapons under disability violation, multiple positive drug tests for methamphetamine, amphetamine, and THC, repeated failure to report to his probation officer, repeated failure

to pay the supervision fees, and failure to serve a single hour of his 180-hour community service requirement. Additionally, the State argues that the trial court did consider the facts of the underlying offense as reflected by the statements made at the sentencing hearing. Because Crabtree repeatedly violated community control and it was repeatedly extended, the State argues that the trial court did not abuse its discretion when it revoked community control this time.

**{¶3}** We find that the trial court did not abuse its discretion when it revoked Crabtree's community control. We overrule Crabtree's sole assignment of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

**{¶4}** In July 2021, the Adams County grand jury indicted Crabtree of willfully eluding or fleeing a police officer in a motor vehicle in violation of R.C. 2921.331(B) (failure to comply), a third-degree felony. Crabtree eventually pleaded guilty. However, the trial court ordered the plea withdrawn due to concerns that Crabtree had used drugs immediately prior to entering his guilty plea. About a week later, the trial court temporarily released Crabtree from jail so that he could attend an inpatient drug treatment facility and it suspended his criminal proceedings pending treatment. In March 2022, Crabtree completed treatment and again entered a guilty plea to the offense. At the May 2022 sentencing hearing, the trial court sentenced Crabtree to 3 years of community control, with intense supervision for 1 year, and 180 hours of community service, among other requirements. The trial court advised Crabtree that any violation would lead to more restrictive or longer sanctions or a stated prison term of 30 months.

{¶5} In August 2022, the State filed a motion to revoke Crabtree's community control because he was alleged to have violated conditions of community control when he was indicted in Scioto County for a weapons under disability charge and for having a firearm in his possession. In September 2022, Crabtree waived a probable cause hearing. A full revocation hearing was scheduled for February 2023. However, prior to the hearing, Crabtree tested positive for methamphetamine and THC. Crabtree was placed in the STAR drug rehabilitation program through Scioto County and in July 2023 his revocation hearing was continued until he successfully completed STAR.

{¶6} In May 2025, the trial court issued a judgment entry designating Crabtree an absconder. The court found that a probation detainer was issued on May 19, 2025 and the last contact Crabtree had with the probation department was November 19, 2024. In late May 2025, the State filed a second motion to revoke community control alleging four violations: (1) a failure to report to his probation officer since July 5, 2024; (2) positive drug tests for methamphetamine and amphetamine on May 28, 2025; (3) failure to pay supervision fees, with a balance owed of $1,345; and (4) failure to complete a single hour of his 180 hours of community service. The trial court found probable cause on all the alleged probation violations and set the matter for a full revocation hearing in July 2025. However, Crabtree failed to appear for the revocation hearing because he was incarcerated in the Scioto County Jail. The revocation hearing was rescheduled for October 2025.

{¶7} Following a two-day revocation hearing which concluded in November 2025, the trial court found that Crabtree violated all the alleged probation violations. A sentencing hearing was set for late January 2026. However, following the revocation

hearing and prior to the sentencing hearing, Crabtree failed to appear for two different drug tests scheduled on November 26, 2025 and December 3, 2025, which were violations of his bond conditions. Crabtree also failed to report for bond check-in on December 17, 2025 and December 22, 2025, which were also violations of his bond conditions. The trial court held a sentencing hearing on January 29, 2026 and sentenced Crabtree to 30 months in prison.

**{¶8}** Crabtree appealed.

## II. ASSIGNMENT OF ERROR

**{¶9}** Crabtree presents the following assignment of error:

> The trial court abused its discretion by revoking Mr. Crabtree's community control and imposing a 30-month prison sentence.

## III. LEGAL ANALYSIS

**{¶10}** Generally, appellate courts review trial court decisions to revoke community control sanctions under the abuse of discretion standard of review. *State v. Mehl*, 2022-Ohio-1154, ¶ 7 (4th Dist.). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶11}** We apply a two-part review in community control revocation cases. First, we review the record to determine "whether there is substantial evidence to support the court's finding that [the offender] violated the terms of ... community control." *Mehl* at ¶ 7. If substantial evidence exists, "we review the court's ultimate decision to revoke ... under the more deferential abuse of discretion standard." *Id.*

> [A] trial court's decision to revoke community control is reviewed for an abuse of discretion, and in making its determination, a trial court can take into consideration the nature of the community control violation at issue, the

manner in which the condition was violated, as well as any other relevant circumstances in the case. Further, trial courts are granted much greater latitude and discretion in their decision making when the violation is one of substance rather than form. Additionally, when a trial court determines that community control should be revoked and a prison term should be imposed, a trial court must consider both the seriousness of the original offense leading to the imposition of community control as well as the gravity of the community control violation. Finally, in imposing a prison sentence for a violation of community control, trial courts should consider the principles and purposes of felony sentences, should balance the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12, and then should impose a prison term within the statutory range for the underlying offense, which the defendant was advised during his or her initial sentencing hearing.

*Mehl* at ¶ 18. Because Crabtree does not contest that he violated the terms of community control, we dispense with the first part in the two-part review process and examine whether the trial court abused its discretion in revoking community control.

**{¶12}** Crabtree contends that the trial court should have given him another chance rather than impose a prison sentence. Crabtree argues that he admitted to testing positive for illicit drugs and for failing to engage in community service. He also argues that he made a significant payment towards his supervision fees after the State filed the violation. He contends he "made positive strides while on probation" by maintaining gainful employment, attending AA and NA meetings, and completing drug treatment programs. He acknowledges that he had more than a single positive drug test, but he describes these other violations as "minor technical violations" and he argues there is a legislative preference expressed in R.C. 2929.13(E)(2) (which prohibits revocation of community control for a single positive drug test unless certain conditions apply) not to impose prison sentences on offenders who are on community control and struggling with substance abuse issues.

**{¶13}** Crabtree cites no case law or statutory provisions to support his contention that the trial court must give him another chance and continue his community control, nor do we find any. The right to continue community control depends on compliance with community control conditions and is within a court's sound discretion. *State v. Lewis*, 2010-Ohio-3652, ¶ 11 (2d Dist.).

**{¶14}** Crabtree has admitted to multiple violations of community control and the procedural history of this case shows that Crabtree has struggled with substance abuse issues for years despite completing two different inpatient treatment services. In addition, he possessed a firearm, failed on multiple occasions to report to his probation officer, failed to engage in any community service hours, and failed to pay ongoing supervision fees.

> It is well settled that a trial court does not abuse its discretion by revoking an offender's community control where the violation in question was one over which the offender had control. Additionally, "the right to continue on community control depends upon compliance with the conditions of community control and is a matter within the sound discretion of the trial court."

(Citations omitted.) *State v. Smith*, 2024-Ohio-2854, ¶ 25 (12th Dist.). " 'The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.' " *State v. Noonan*, 2019-Ohio-2960, ¶ 20 (12th Dist.), quoting *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist.1990); *State v. Yates*, 2026-Ohio-1220, ¶ 17 (4th Dist.).

**{¶15}** Moreover, we find no merit to Crabtree's contention that his sentence is contrary to law because the trial court failed to consider the seriousness of his underlying offenses. At sentencing, the trial court stated:

The court has certainly considered the record, the oral statements, any victim impact statements, the pre-sentence investigation report previously prepared, as well as principles and purposes of sentencing under Ohio Revised Code 2929.11, further balancing the seriousness and recidivism factors of 2929.12. The court notes that a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing is to protect the public from future crime by the offender and others, as well as to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden upon the state or local governmental resources. To achieve those purposes the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender as well as making restitution to the victim of the offense, the public or both.

{¶16} The trial court specifically addressed the seriousness of the underlying offense:

In the flee and eluding, the statement by the defendant was, ["]I was under the influence of drugs. I thought I had a warrant to go back to prison. I'd already lost 10 years of my life, and fear kicked in. I thought, fight or flight, so I took off and decided to flight and tried to get away to somewhere safe. I've never had treatment before, and drugs are easily available in prison. I want help.["] And that's what I relied upon when I sent him to rehabilitation, when we insisted upon vocational training, when we insisted he have employment regularly and timely. And he did that for a very short period of time, and it worked for that very short period of time.

{¶17} Finally, after reviewing Crabtree's extensive criminal record from 2003 through 2025, the trial court addressed Crabtree's lack of amenability to further community control:

In regard to his sentence in this case, after due consideration, the court finds that, I probably extended it one too many times, but I'm glad I gave Mr. Crabtree the option of doing what was right. He declined that invitation by the court. Therefore, he is not currently amenable to available community control sentences. It's therefore ordered that the defendant shall serve the previously suspended state of prison term of 30 months.

{¶18} The trial court's 30-month sentence is within the statutory range for a third-degree felony. R.C. 2925.11(A). In addition, the court informed Crabtree at his original

sentencing hearing that it would impose a 30-month prison term if he violated the terms of his community control. In revoking Crabtree's community control, the court indicated that it considered the principles and factors in R.C. 2929.11 and 2929.12, and it provided detailed reasons for its sentence. The sentence is not contrary to law.

**{¶19}** Upon revoking a defendant's community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed, the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing, and the term complies with any applicable limitation in R.C. 2929.15(B)(1)(c). We find nothing unreasonable, arbitrary, or unconscionable about the trial court's decision to revoke Crabtree's community control term and impose the reserved 30-month prison sentence.

## IV.    CONCLUSION

**{¶20}** We overrule Crabtree's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period set forth in the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge


### NOTICE TO COUNSEL

**This document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**